IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIJAH WHITE, | CIVIL ACTION NO.  2:23-cv-01883-DSC |
| Plaintiff, | JUDGE DAVID S. CERCONE |
| vs. | |
| | *Electronically Filed* |
| JASON WALSH, DISTRICT ATTORNEY OF WASHINGTON COUNTY, In his Official and Individual Capacities and JOHN DISALLE, in his Individual Capacity as President Judge of Washington County, | |
| Defendants. | *JURY TRIAL DEMANDED* |

**DEFENDANT JASON WALSH'S BRIEF IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.      STATEMENT OF THE CASE**

Plaintiff Elijah White allegedly invoked his Fifth Amendment rights upon questioning by then-interim District Attorney Jason Walsh during a preliminary hearing in the homicide of Jaison Irwin. Thereafter, Plaintiff alleges that DA Walsh improperly initiated criminal contempt proceedings against him for failing to testify pursuant to a subpoena.  Plaintiff was convicted of criminal contempt and sentenced by the Honorable John DiSalle, the President Judge of the Court of Common Pleas of Washinton County. Plaintiff was incarcerated for five days. While Plaintiff appealed this conviction, such efforts have been unsuccessful to date.

From these allegations, Plaintiff brings ten misguided and unsupported causes of action against Defendants Walsh and DiSalle, seemingly trying to throw everything against the wall to see what sticks. The gratuitous 52 page Amended Complaint is for naught because of the well-

established immunities and defenses that exist relative to these allegations. Indeed, Plaintiff alleges constitutional claims pursuant to § 1983 for false imprisonment, false arrest, malicious prosecution, violations of due process and civil rights conspiracy.  Plaintiff also alleges pendant state law claims for false imprisonment, false arrest, malicious prosecution, abuse of process, and intentional infliction of emotional distress.  These claims must be dismissed.

Importantly, DA Walsh's alleged conduct falls squarely within the contours of prosecutorial immunity.  As such, the federal claims are appropriately dismissed with prejudice. Further, Plaintiff fails to allege sufficient facts to state a claim for civil rights conspiracy. Importantly, because Plaintiff's conviction has not been overturned, the claims are barred by *Heck v. Humphrey*. Finally, because DA Walsh's conduct falls within the scope of his prosecutorial duties, he would be entitled to high public official immunity. This disposes of the state law claims.

## II.    ALLEGATIONS

On October 10, 2022, Jaison Irwin was shot and killed outside of Bob's Tavern in Finleyville, Pennsylvania. (Am. Compl. at ¶ 14.) On November 17, 2022, Marissa Spencer and Keaundre Crews were charged with the murder of Jaison Irwin in the Court of Common Pleas of Washington County at Docket Nos. CR-2065-2022 and CR-2064-2022.  (*Id.* at ¶ 13.) On December 9, 2022, a preliminary hearing for Crews and Spencer was held before a Magisterial District Judge Melograne.  (*Id.* at ¶24). Plaintiff was subpoenaed to testify as a witness during the preliminary hearing.  (*Id.* at ¶25). It was believed that Plaintiff was present at Bob's Tavern and interacted with the victim before the shooting.  (*Id.* at ¶21).

Plaintiff alleges that he was also a suspect in the murder investigation. (*Id.* at ¶25). During the preliminary hearing, Plaintiff was represented by criminal defense attorney Ryan Tutera. (*Id.* at ¶26). When called to testify by DA Walsh, Plaintiff was asked if he recalls October 9th and 10th of this year. (*Id.* at ¶29). Plaintiff "pled the Fifth." (*Id.* at ¶30). Plaintiff allegedly did so upon the advice of counsel.   DA Walsh took issue with Plaintiff invoking the Fifth Amendment as to the date and time, as such information was not incriminating and asked Magistrate Melograne to hold Plaintiff in contempt of court and incarcerate him; the judge declined to do so. (*Id.* at ¶37-38). Magistrate Melograne indicated that the issue may be revisited in front of a Common Pleas Judge. (*Id.* at ¶38). Thereafter, DA Walsh prepared and filed a Petition for Contempt against Plaintiff. (*Id.* at ¶39). The Petition for Contempt was presented to President Judge John DiSalle. (*Id.* at ¶48).

Plaintiff alleges that Judge DiSalle did not have the authority to hear the matter, because he was not the Criminal Motions Judge pursuant to the Court's Administrative Order. (*Id.* at ¶48-51). Judge DiSalle was assigned to Problem-Solving Courts, Orphan's Court and Administrative Duties. (*Id*. at ¶51, Am. Compl. at Ex. F).[1]

On December 29, 2022, Judge DiSalle held a hearing on the Petition for Contempt. (*Id.* at ¶61). At the conclusion of the hearing, Judge DiSalle found Plaintiff in contempt of court and sentenced Plaintiff to incarceration for 5 days to 6 months. Plaintiff served 5 days in the Washington County Jail. (*Id.* at ¶64).

---

[1] Judge DiSalle necessarily had jurisdiction over Plaintiff's criminal contempt proceedings. *In re Estate of Hall*, 535 A.2d 47, 59 (Pa. 1987), *citing* 42 Pa. C.S.A. § 952.

On January 30, 2023, Plaintiff initiated an appeal of his conviction and sentence to the Superior Court of Pennsylvania. *See In Re: Contempt of Elijiah White*, 120 WDA 2023.[2]  At this time, Plaintiff's conviction has not been overturned.  *Id.*

## III.    STANDARD OF REVIEW

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding Motions to Dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler* [*v. UPMC Shadyside*], 578 F.3d [203,] 213 [(3rd. Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 147 (3d Cir. 2014).

## IV.    ARGUMENT

**A.    The Amended Complaint fails to state any viable federal civil rights claim against DA Walsh because he is entitled to absolute prosecutorial immunity.**

Counts I through IV of the Amended Complaint bring civil rights claims pursuant to § 1983. Specifically, Count I of the Amended Complaint is a cause of action for false imprisonment.  Count II of the Amended Complaint is a claim for false arrest.  At Count III of the

---

[2] The Court may take judicial notice of state court orders and dockets. *M & M Stone Co. v. Commonwealth*, 388 Fed. Appx. 156, 162 (3d Cir. 2010).

Amended Complaint, Plaintiff brings a claim for malicious prosecution, and Count IV of the Amended Complaint is a civil rights claim alleging violations of due process. All of these claims are based upon DA Walsh's actions in bringing criminal contempt charges against Plaintiff stemming from Plaintiff's refusal to testify pursuant to subpoena during a preliminary hearing on murder charges. Claims based on these allegations are barred by immunity.

The Supreme Court of the United States has long recognized the defense of absolute immunity for prosecutorial duties that are "intimately associated with the judicial process," such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Absolute immunity applies to "the preparation necessary to present a case," including obtaining, reviewing and evaluating evidence. *Kulwicki*, 969 F.2d at 1465. What is pertinent is the function or nature of the act which the prosecutor is performing, not his motivation or reason.  *See, e.g., Rose v. Bartle*, 871 F.2d 331, 337 (3d Cir. 1989); *Jennings v. Schuman*, 567 F.2d 1213, 1221-22 (3d Cir. 1977).

While Plaintiff attempts to twist the DA's alleged action to overcome the well-established immunity that DA Walsh is entitled to, the claims can be parsed down to DA Walsh simply initiating criminal contempt charges against Plaintiff and his actions in the Courtroom. Defendant Walsh cannot be held liable for initiating criminal charges against Plaintiff or prosecuting Plaintiff, even if he did so with bad motive.

Plaintiff goes through painstaking detail to set forth allegations of wrongdoing by DA Walsh.  However, none of the allegations fall outside the scope of his prosecutorial duties. Indeed, a prosecutor is entitled to absolute prosecutorial immunity with respect to actions and

statements made during a preliminary hearing.  *Wilson v. DeMarchis*, 2021 WL 3375421, at * 8

(W.D. Pa. July 21, 2021.)   A prosecutor is also entitled to immunity when appearing before a

judge and presenting evidence. *Jones v. Hobeck*, 2023 WL 7026959, at *5 (W.D. Pa. Sept. 27,

2023 (citing *Burns v. Reed*, 500 U.S. 478, 491-92 (1991)).   As such, DA Walsh cannot be liable

for his statements during the preliminary hearing of Crews and Spencer when questioning

Plaintiff and when appearing at Plaintiff's criminal contempt hearing.

The act of bringing charges against and prosecuting the Plaintiff is shielded by absolute

prosecutorial immunity. The Supreme Court specifically found that a prosecutor's actions in

preparing charging documents are protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S.

118, 129 (1997). In *Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992), the Third Circuit analyzed

the extent to which initiating criminal charges is subject to prosecutorial immunity.  In *Kulwicki*,

defendant Dawson was the District Attorney of Crawford County. Plaintiff Kulwicki was his

opponent in an upcoming election.   District Attorney Dawson instructed a police detective

sergeant to conduct an investigation of Kulwicki, which ultimately resulted in his being

prosecuted.  After being acquitted, Kulwicki brought a claim against DA Dawson. *Id*. at 1457.

Kulwicki's malicious prosecution claim alleged that District Attorney Dawson initiated criminal

charges for "purely political motives."  *Id*. at 1463.  District Attorney Dawson argued that he

was entitled to absolute prosecutorial immunity. *Id.*  The United States Court of Appeals for the

Third Circuit agreed, holding that the district attorney was entitled to absolute prosecutorial

immunity because "[t]he decision to initiate a prosecution is at the core of a prosecutor's

judicial role.  A prosecutor is absolutely immune when making this decision, even when he acts

without a good faith belief that any wrongdoing had occurred." *Id*. The Third Circuit observed

that "[c]onsideration of personal motives is directly at odds with the Supreme Court's simple

functional analysis of prosecutorial immunity[.]" *Id.* at 1464. The Third Circuit observed:

> The decision to initiate a prosecution is at the core of a prosecutor's judicial role.
> Harm to a falsely-charged defendant is remedied by safeguards built into the
> judicial system -- probable cause hearings, dismissal of the charges -- and into
> state codes of professional responsibility.

*Id.* at 1463-64. Accordingly, the Third Circuit held that the district attorney was absolutely

immune and reversed the district courts finding to the contrary.

As in *Kalina*, DA Walsh is entitled to immunity stemming from allegations that he

prepared any charging documents. Similar to the prosecutors in *Wilson* and *Jones*, DA Walsh is

immune from his alleged actions during the preliminary hearing, when appearing before the

judges and presenting evidence. Like the prosecutor in *Kulwicki*, the claims brought here relate

to the District Attorney's conduct in initiating and pursuing the criminal case. Like those

sameprosecutors, DA Walsh is absolutely immune from the civil rights claims brought against

him. The claims are appropriately dismissed with prejudice.

**B.** **The Amended Complaint fails to plead sufficient facts to support a civil rights conspiracy.**

Count V of the Amended Complaint alleges a civil rights conspiracy against DA Walsh

and Judge DiSalle. Because Plaintiff's conclusory allegations are insufficient to state a claim and

because prosecutorial immunity similarly bars the claim, this claim should be dismissed.

To prevail on a claim of civil rights conspiracy, a plaintiff must establish that the object of the conspiracy was a deprivation of federally protected right, and then the plaintiff "must provide some factual basis to support the existence" of agreement and concerted action. *Jutrowski v. Twp. of Riverdale*, 2018 WL 4344677 at *8-9 (3d Cir. Sept. 12, 2018). "Section 1983 does not create a cause of action per se for conspiracy to deprive one of a constitutional right. Without an actual deprivation, there can be no liability under Section 1983." *Morely v. Phila. Police Dept.*, 2004 WL 1527829 at *7 (E.D. Pa. July 7, 2004). "To show agreement, [a plaintiff] must demonstrate that state actors named as defendants in the complaint somehow reached an understanding to deny the plaintiff his rights, and in the absence of direct proof, that meeting of the minds or understanding or agreement to conspire can be inferred from circumstantial evidence." *Jutrowski*, 2018 WL 4344677 at *8-9.

Plaintiff has not alleged any agreement or understanding between the Defendants to violate his rights. Despite 267 paragraphs of allegations in the Amended Complaint, Plaintiff's claims of conspiracy are based on nothing more than unsupported conclusions. He makes sweeping allegations that a conspiracy existed. Nothing alleged in the Amended Complaint factually supports that theory. Plaintiff's conclusory allegations on any conspiracy theory are insufficient to state a claim.

Further, any claim for civil rights conspiracy against DA Walsh is shielded by absolute prosecutorial immunity. A plaintiff simply cannot get around a prosecutor's absolute prosecutorial immunity by alleging a civil conspiracy. Based on finding that the claims against DA Walsh in Counts I through IV fail on the basis of absolute prosecutorial immunity, then the

conspiracy claim premised upon those causes of action set forth in Count V necessarily fails. *Gregg v. Pettit*, 2009 WL 57118, at * 4 (W.D. Pa. Jan. 8, 2009), (citing *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)).  Because of the immunity afforded to DA Walsh, the civil rights conspiracy claim is appropriately dismissed with prejudice.

> ### C.      Plaintiff's criminal conviction has not been overturned, which is fatal to his claims.

The crux of all of Plaintiff's claims are based upon a theory that his prosecution, conviction and incarceration stemming from a criminal contempt finding were wrongful.  This theory must fail.  A simple review of the public records provides that Plaintiff was found guilty of criminal contempt.  While Plaintiff attempted to appeal that conviction, the conviction has not been overturned.  *See In Re: Contempt of Elijiah White*, 120 WDA 2023. Inasmuch as Plaintiff's criminal contempt conviction has not been overturned, Plaintiff's claim premised on such this conviction are barred by the principles of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [§ 1983] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of Habeas Corpus.

*Id*. at 114 S. Ct. 2372.  Plaintiff was found guilty of criminal contempt. His conviction has not been reversed. He cannot claim that his arrest or imprisonment was false or that his conviction

was wrongful[3]. He is barred from claiming a loss stemming from the conviction.   Accordingly,

Plaintiff's claim is appropriately dismissed with prejudice.

> **D.      Plaintiff's state law claims are barred by high public official immunity.**

The Amended Complaint pleads a pendent state common law cause of action against

the individual Defendants for false arrest, false imprisonment, malicious prosecution, abuse of

process and intentional infliction of emotional distress under Pennsylvania state law. (Am.

Compl. at Counts VI-X.)  DA Walsh is entitled to high public official immunity as to these claims.

As the Supreme Court of Pennsylvania explained, it "has long been held [in

Pennsylvania] that high public officials are immune from suits seeking damages for actions

taken or statements made in the course of their official duties."  *Durham v. McElynn*, 772 A.2d

68, 68 (Pa. 2001)

> Absolute privilege, as its name implies, is unlimited, and exempts a high public
> official from all civil suits for damages arising out of false defamatory statements
> and even from statements or actions motivated by malice, *provided the
> statements are made or the actions are taken in the course of the official's duties
> or powers and within the scope of his authority, or as it is sometimes expressed,
> within his jurisdiction*[.]

*Id*. (quoting *Matson v. Margiotti*, 88 A.2d 892, 895 (Pa. 1952) (emphasis in original; citations

omitted)). The rationale for forbidding claims arising out of a high public official's actions was

explained as follows:

---

[3] Plaintiff cannot set forth a crucial element of a malicious prosecution claim. The elements of a civil rights malicious prosecution claim are:  (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Gagliardi v. Fisher*, 513 F.Supp.2d 457, 480-81 (W.D. Pa. 2007) (citing *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005)). Plaintiff's criminal proceeding did not end in Plaintiff's favor.  This is fatal to Plaintiff's claims.

> Even though the innocent may sometimes suffer irreparable damage, it has been found to be in the public interest and therefore sounder and wiser public policy to "immunize" public officials, for to permit slander, or libel, or malicious prosecution suits, where the official's charges turn out to be false, would be to deter all but the most courageous or the most judgment-proof public officials from performing their official duties and would thus often hinder or obstruct justice and allow many criminals to go unpunished.

*Id*. (quoting *Matson*, 88 A.2d at 899-900); *see also Gregg v. Pettit*, 2009 WL 57118 (W.D. Pa. Jan. 8, 2009) (citing *Durham*, dismissing all pendent state common law claims against prosecutor on the basis of high public official immunity).

It is well settled that district attorneys are entitled to high public official immunity. *Id*. at 69-70 (reaffirming that district attorneys are high public officials entitled to immunity since "the public interest requires that district attorneys be able to carry out their duties without being hampered by civil suits claiming damages for actions taken in their official capacities."). The alleged conduct of DA Walsh in bringing criminal contempt charges against Plaintiff undoubtedly falls within the scope of his duties as a District Attorney entitling him to high public official immunity.

As noted above, high public official immunity is even broader than the absolute prosecutorial immunity applicable to Plaintiff's federal claims. The arguments made *supra* as to Plaintiff's federal claims apply with even more force here. The well-established case law requires the dismissal of Plaintiff's state law claims brought at Counts VI-X against DA Walsh with prejudice.

IV.     **CONCLUSION**

For all of the foregoing reasons, Defendant Walsh respectfully requests that this Honorable Court dismiss the claims against him, in their entirety, and with prejudice.

Respectfully submitted,

JONESPASSODELIS, PLLC

BY:   s/Maria N. Pipak
      MARIA N. PIPAK, Esquire
      PA I.D. No. 317450
      E-Mail:  mpipak@jonespassodelis.com

      MARIE MILIE JONES, Esquire
      PA I.D. No. 49711
      E-Mail: mjones@jonespassodelis.com

      MICHAEL R. LETTRICH, Esquire
      PA I.D. No. 80635
      E-Mail: mlettrich@jonespassodelis.com

      Gulf Tower, Suite 3410
      707 Grant Street
      Pittsburgh, PA  15219
      Phone: (412) 315-7272
      Fax: (412) 315-7273

      Counsel for Defendant,
      JASON WALSH, District Attorney of
      Washington County

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been forwarded to all counsel of record by:

    _____   U.S. First Class Mail, Postage Paid

    _____   Hand Delivery

    _____   Certified Mail, Return Receipt Requested

    _____   Facsimile Transmittal

    _____   UPS Delivery

    \_\_X\_\_   Electronic Filing/Service

at the following address:

Noah Geary, Esquire
Geary Law Offices
123 Washington Street
Washington, PA  15301
noahgearylawoffices@gmail.com
*(Counsel for Plaintiff)*

Jennifer M. Herrmann, Esquire
jennifer.herrmann@pacourts.us
Michael Daley, Esquire
Michael.Daley@pacourts.us
Administrative Offices of the PA Courts
1515 Market Street, 14th Floor
Philadelphia, PA 19102
*(Counsel for Defendant, John DiSalle, President Judge)*

JONESPASSODELIS, PLLC

Date:  January 9, 2024         s/Maria N. Pipak_____
                                     MARIA N. PIPAK, Esquire
                                     MARIE MILIE JONES, Esquire
                                     MICHAEL R. LETTRICH, Esquire

                                     Counsel for Defendant,
                                     JASON WALSH, District Attorney of Washington
                                     County